# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2018

Lyle W. Cayce
Clerk

17-60731
Summary Calendar

REBECCA E. HENRY; ELIZABETH HENRY; DOCTOR JIMMY WILEY; BEVERLY DAVIS; BARBARA RINGO; JOSEPHINE P. RHYMES; RENA BUTLER; JEFFREY GOODEN; CHUCK ESPY; ROBERT JACKSON

                              Plaintiffs - Appellants

v.

CLARKSDALE MUNICIPAL SEPARATE SCHOOL DISTRICT

                              Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 2:64-CV-28

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The court has considered this appeal in light of the district court's opinion denying a TRO and preliminary injunction request to stop the formation of a charter school. The plaintiffs contend the school, authorized by state law, must have the court's approval pursuant to a longstanding desegregation decree covering the Clarksdale Municipal School District.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  17-60731

Appellants' brief fails to grapple with several deficiencies found by the trial court, including the fact that necessary state party defendants were not joined in the litigation and that the school district, although a nominal defendant, is not adverse to their position and likewise vigorously disagrees with the charter school's formation.  (The district has not even filed a brief as "appellee.")  The district court also questioned whether plaintiffs had been injured so as to confer standing to object to the charter school and whether, in light of the absence of party defendants, they could obtain "redress" for standing purposes. The court's other reasons for its order are immaterial here, because these deficiencies are dispositive.  The judgment of the district court denying relief is **AFFIRMED**.

Consequently, plaintiffs' motions in this court for attorneys' fees and "reactivation of the Bi-Racial Committee" in Clarksdale, Mississippi, are **DENIED**.